UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**REGINALD E. HOLLOWAY,**

Petitioner,

vs.

CASE NO. 8:08-cv-848-T-27TBM
CRIM. CASE NO. 8:06-cr-215-T-27TBM

**UNITED STATES OF AMERICA,**

Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) and the Government's Response (CV Dkt. 6).[1] Upon consideration, Petitioner's motion is DENIED.

**Procedural Background**

Petitioner was charged in nine counts of an eleven-count Indictment with conspiracy to possess with intent to distribute and to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2); distribution of a mixture or substance containing a detectable amount of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2, distribution of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C.§§ 841 (a)(1) and (b)(1)(C); and distribution of five grams or more of a mixture or substance containing a

---

[1] Petitioner filed no reply.

detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 18 U.S.C.§ 2 (CR Dkt. 1). On November 22, 2006, Petitioner pleaded guilty pursuant to a plea agreement.[2] (CR Dkts. 100, 101). On May 17, 2007, Petitioner was sentenced to concurrent terms of life imprisonment on the conspiracy conviction (count one) to be followed by ten years of supervised release and to 120 months imprisonment on the firearm possession conviction (count eleven) followed by three years of supervised release. (CR Dkt. 44). Petitioner appealed. On February 22, 2008, the United States Court of Appeals for the Eleventh Circuit granted the Government's motion to dismiss the appeal based on a valid appeal waiver (CR. Dkt. 178).

Petitioner signed his original Section 2255 motion on April 19, 2008.[3] Respondent makes no challenge to the timeliness of the motion. Petitioner raises two grounds for relief:

**Ground One:** Ineffective assistance of counsel for failing to advise Petitioner that he was pleading to a life sentence when counsel knew that Petitioner did not understand the plea agreement and for coercing Petitioner into signing the plea agreement under false pretenses; and

**Ground Two:** Ineffective assistance of counsel for "lying" and improperly advising Petitioner that the judge could not sentence Petitioner to more than twenty years imprisonment and improperly advising Petitioner that it was in his best interest to enter a plea

## Appeal Waiver

As part of his plea agreement, Petitioner specifically waived the right to challenge his sentence directly or collaterally on any ground except: "(a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States

---

[2] Petitioner pleaded guilty to two counts of the Indictment (counts one and eleven). The remaining charges were dismissed pursuant to the plea agreement.

[3] Petitioner's motion to amend his Section 2255 petitioner (CV Dkt. 7) was denied by separate order.

Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution" (CR Dkt. 100, p. 12). The Eleventh Circuit expressly upheld on direct appeal the validity of the waiver (CR Dkt. 178). The appeal waiver generally precludes Petitioner from advancing an ineffective assistance claim in this Section 2255 motion. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). However, to the extent that Petitioner's claims can be said to bear upon the validity of his plea, the sentence appeal waiver does not bar federal review. *Patel v. United States*, 252 Fed.Appx. 970, 974-75 (11th Cir. 2007).

## Standard of Review

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose

3

of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland v. Washington*, 466 U.S. at 690-91. Petitioner cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense

counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

**Ground One**

Petitioner contends that his trial counsel rendered ineffective assistance by failing to advise Petitioner that he was pleading to a life sentence when counsel knew that Petitioner did not understand the plea agreement because he had only a "third grade level in reading/English," and by coercing Petitioner into signing the plea agreement under false pretenses.

The record belies Petitioner's claim. During the plea colloquy, Petitioner specifically averred that he possessed a high school-level education, that he understood the sentence that he faced, that no one had forced or coerced him into entering his plea, and that he was satisfied with counsel's assistance:

| | |
|---|---|
| Court: | Okay. How far in school did you get? |
| Defendant: | To the eleventh grade. |
| Court: | Can you read and write in English? |
| Defendant: | Yes, sir. |

. . .

| | |
|---|---|
| Court: | All right. I'm going to talk to you about the particulars of Counts One and Eleven and the punishment related to One and Eleven, and then I'm going to ask you how you plead to those two counts. And at that point you may plead either guilty or not guilty, as you see fit. |

The first count says that from some unknown date prior to July 20th, 2005, through on or about December 6th, 2005, at Palmetto, Florida, you [and the co-defendants] conspired to distribute and possess with intent to distribute 50 grams or more of crack cocaine.

Count Eleven charges you alone and the allegation there is that on or about December 6th, 2005, again at Palmetto, Florida, that you were a felon in possession of a firearm; the allegations being that you had prior convictions for aggravated assault with a firearm, possession of cocaine, and resisting arrest with violence and another cocaine-related or drug-related offense, and that at that time you were in possession of a .22 caliber revolver.

So you've got a count for conspiracy to possess and distribute crack cocaine and then a firearms violation.

The drug charge, apparently because of your criminal history and the weight involved, carries a mandatory minimum term of imprisonment of life. Additionally, there is a potential for a monetary fine up to a million dollars. And the court must impose a ten-year period of supervised release.

On the gun count, Count Eleven, the potential punishment there is up to ten years imprisonment, no mandatory minimum, a fine up to $250,000, and a potential for a period of supervised release of three years.

On both charges, the court is required to impose a special assessment, kind of like court costs, in the amount of a hundred dollars.

|  | Do you understand the drug charge against you in Count One and the gun charge against you in Count Eleven? |
|---|---|
| Defendant: | Yes, sir. |
| Court: | And do you understand that the potential punishment here includes this mandatory life sentence on Count One? |
| Defendant: | Yes, sir. |

. . .

| Court: | Now, I want to talk to you a little bit about sentencing here so that you can understand where you're headed here from the court's perspective. |
|---|---|
|  | I'm sure some of what I say here is repetitive to what [counsel] has said, but please bear with me. |
|  | As I indicated on the drug count, apparently by reason of the allegations in the past criminal history, you're looking at a mandatory - - go ahead and get some water if you need some - - mandatory life sentence. |
|  | On your sentencing day, you're going to hear the judge talk about the mandatory punishment. And I think the judge will also talk [about] what we call your Federal Sentencing Guidelines. |
|  | These guidelines are like a long formula that judges use to arrive at a suggested sentence. And my guess is you and [counsel] may have calculated your guidelines. If you haven't done that yet, you will between now and sentencing. |
|  | These guidelines aren't mandatory on the court, meaning that the judges don't have to follow them. But I think you can expect that Judge Whittemore will use the guidelines to kind of assist him in deciding the appropriate sentence for these two charges. |

|  | What I want you to understand is that the judge's calculation of the guidelines ultimately could turn out to be different - - it might turn out to be a lot different than your calculation. |
|---|---|

What I want you to understand is that the judge's calculation of the guidelines ultimately could turn out to be different - - it might turn out to be a lot different than your calculation.

And if that happens, understand that in all likelihood, the judge is going to proceed with using his calculation rather than the one you calculated in deciding an appropriate sentence.

And if it turns out that his calculation requires a harsher punishment than you anticipated, it won't be a basis for you to back out of the plea that you had expected something else by reason of your calculation, the appropriate sentence is left up to the discretion of the sentencing judge.

So in your case, you've got a potential - - not a potential, as it stands now, you have a mandatory life punishment on the first count and a maximum term of ten years on Count Eleven.

And if you were fortunate enough to get a recommendation of substantial assistance that will allow the court to avoid giving you the life punishment, then you may, in fact, receive some reduced sentence based on what the guidelines show and other factors.

On the other hand, if there is no recommendation of substantial assistance, it appears to me that you need to expect that at least on the drug count, you're looking at the mandatory minimum life punishment on that. Do you understand?

Defendant: Yes, sir.

Court: Now, I have no idea where this is going to end up. You know, right now it looks pretty bleak for you. It may develop, because of your cooperation, that you get some substantial assistance and thus you may be able to avoid this mandatory life punishment.

|  | But regardless of that, you should expect that you're going to serve a lengthy prison sentence in this case, very lengthy prison sentence in this case. And I want you to understand that the way the federal sentences work presently, you're going to have to serve the full amount of that term, whatever it may be. |
|---|---|
|  | Under the guidelines scheme, we don't have early release programs anymore. And so if you get something less than a life sentence, it's expected that you will - - and even if you get a life sentence, it's expected you're going to serve the full amount of whatever the term may be. |
|  | There's a possibility of getting some small amount of time off for good behavior. But when I take a plea, I tell people they should expect to have to serve every day of whatever sentence they get because there are no promises otherwise. Do you understand how that's [sic] how that works? |
| Defendant: | Yes, sir. |

. . .

| Court: | Has been [sic] anybody promised you anything other than what is set out in your plea agreement to get you to come to court today to plead guilty? |
|---|---|
| Defendant: | What does he mean by that? (Brief pause). |
| Court: | You had a pregnant pause there, as they say. Has someone promised you or do you think you've been told or promised something else that's not in your plea agreement that causes you to want to plead guilty? |
| Defendant: | No, sir. |
| Court: | Has anybody promised you a particular sentence other than the mandatory life? |
| Defendant: | No, sir. |

| | |
|---|---|
| Court: | Has anybody threatened you or a member of your family in any way to get you to come to court today to plead guilty? |
| Defendant: | No, sir. |
| Court: | Do you feel like anybody is forcing you into pleading guilty or is someone tricking you into pleading guilty? |
| Defendant: | No, sir. |
| Court: | You've been represented here by [counsel]. Do you have any complaints about anything he has done on your behalf? |
| Defendant: | No, sir. |

. . .

| | |
|---|---|
| Court: | All right. If you look at that last part of your plea agreement, there's a paragraph there that says this is the entire agreement, and then there's the certification which says that you've read the plea agreement in its entirety and that you understand it. Did you read your plea agreement? |
| Defendant: | Yes, sir. |
| Court: | Did you understand it when you read it? |
| Defendant: | Yes, sir. |
| Court: | Is there anything about your plea agreement that I have said today that confuses you in any way? |
| Defendant: | No, sir. |
| Court: | I'm looking at a copy here, as I indicated. It's dated November 21, and also has some signatures. Did you sign this after you read it? |
| Defendant: | Yes, sir. Me and my lawyer read it together. |

| | |
|---|---|
| Court: | Okay. All right. Now, Mr. Holloway, I always pause at the end of this process to tell whoever I'm taking a plea from that it doesn't matter to the court at all whether or not you plead guilty. We recognize that you have an absolute right to fight these charges at a trial if you wish. |
| | And so I always pause to say if, while you and I have been talking you have started to think that perhaps it would be better to go to trial rather than plead guilty, that's fine with us. If you tell me that, I'll stop the plea, we'll put you on a trial calendar. |
| | On the other hand, if you're satisfied you're guilty and you believe that it is in your best interest to plead guilty and that's what you wish to do, then let me know that and we'll proceed forward with the plea at this time. |
| | Just make sure your choice is made freely and voluntarily and with an understanding of the consequences. Now, what would you like to do? |
| Defendant: | Keep going on, sir. |
| Court: | With the plea? |
| Defendant: | Yes, sir. |

(CR Dkt. 170, pp. 4, 8-9, 19-22, 25-29; 34-35). Upon completion of the plea colloquy,[4] the magistrate judge found Petitioner entered his plea freely and voluntarily (CR Dkt. 170, pp. 35-37).

"[T]he representations of the defendant [at a Rule 11 plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Petitioner's allegations which are inconsistent with the

---

[4] Before accepting the plea, the magistrate judge explained to Petitioner the nature of the charges against him and the factual basis for each offense (CR Dkt. 170, pp. 8-929-34).

11

statements he made under oath during his Rule 11 plea colloquy are properly discredited. *United States v. Ross,* 147 Fed.Appx. 936, 939-940 (11th Cir. 2005)(allegations that counsel was ineffective which are contrary to the statements defendant made under oath at the plea hearing may be discredited), citing *United States v. Freixas,* 332 F.3d 1314, 1319 (11th Cir.2003).

Petitioner produces no evidence to challenge the veracity of his sworn statements at the plea colloquy. He presents no factual or legal support for his allegations and therefore presents no evidence of entitlement to relief. *See Hill v. Lockhart,* 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). Petitioner's failure to meet either *Strickland*'s deficient performance requirement or prejudice requirement to support this claim of ineffective assistance precludes relief.[5] *See Strickland v. Washington,* 466 U.S. at 691-92.

**Ground Two**

Petitioner contends that his trial counsel rendered ineffective assistance by "lying," improperly advising Petitioner that the judge could not sentence Petitioner to more than twenty years imprisonment, and improperly advising Petitioner that it was in his best interest to enter a plea. Again, the plea colloquy refutes Petitioner's allegations. Petitioner specifically averred that he read the plea agreement with counsel. The plea agreement (CR Dkt. 100, p. 1-2) clearly states that the maximum penalty Petitioner faced for the conspiracy charge (count one) was life imprisonment. Petitioner further averred that he understood that he faced a mandatory life sentence and that he was

---

[5] Petitioner cites *Tower v. Phillips,* 979 F.2d 807 (11th Cir. 1992), to support his ineffective assistance claim but fails to articulate how the case supports any of his allegations.

satisfied with counsel's advice. At no time during the plea colloquy did Petitioner alert the court that counsel had misadvised him about his potential sentence nor did he indicate any confusion or misunderstanding about the sentence he faced. Beyond his bare allegation, Petitioner provides no explanation of how this alleged error affected the outcome of the plea process and does not argue that absent counsel's allegedly erroneous advice he would have foregone a plea and proceeded to trial. *See Hill v. Lockhart*, 474 U.S. at 59-60. Consequently, Petitioner cannot obtain relief on this claim of ineffective assistance of counsel because the requirements of *Strickland* remain unsatisfied.

**Evidentiary hearing**

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)

(*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and to close this case.

**DONE AND ORDERED** in chambers this 24th day of May, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record